IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HENDRICK DARNELL JONES, TDCJ No. 02404694, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:24-cv-1443-K-BN |
| DIRECTOR, TDCJ-CID, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254 [Dkt. No. 1], Petitioner Hendrick Darnell Jones, a Texas state prisoner, challenges his 2022 Dallas County conviction for murder. *See State v. Hendrick Darnell Jones*, No. F-2200303-S (282nd Jud. Dist. Ct., Dallas Cnty., 2022).

The Court has reviewed the petition, the state court record, and the parties' submissions. The relevant procedural history is set out below.

On July 14, 2022, Jones pleaded guilty to the offense of murder in the 282nd District Court of Dallas County, Texas and was sentenced to sixty years in prison. *See* Dkt. Nos. 11-3, 11-4. As part of the plea agreement, Jones waived his rights to appeal. *See* Dkt. No. 11-2.

Jones then sought collateral relief in state court. He filed a state application for writ of habeas corpus on March 6, 2023, challenging the conviction at issue here. The Texas Court of Criminal Appeals denied relief without written order on May 24, 2023. *See* Dkt. No. 11-9.

Jones had previously filed an earlier state habeas application on August 9, 2022, but that application challenged a different cause number (F-21-00381) that had been dismissed before Jones was reindicted in this case. *See* Dkt. No. 11-8 at 240-55. The Court of Criminal Appeals dismissed that first application without written order on March 8, 2023. *See* Dkt. No. 11-6.

Jones next sought federal habeas relief. In July 2023, he filed a Section 2254 petition in the Southern District of Texas. That petition was transferred to the Northern District, and Jones filed an amended petition on July 29, 2023. *See Darnell Hendricks a/k/a Hendrick Darnell Jones v. Director*, No. 3:23-cv-1606-B (N.D. Tex. 2023). The Court dismissed that petition without prejudice on September 5, 2023.

Jones then filed the petition in this case on May 16, 2024. *See* Dkt. No. 1.

In his pending petition, Jones asserts four grounds for relief. He alleges that (1) the original indictment was defective; (2) the reindictment was defective; (3) trial counsel rendered ineffective assistance in multiple respects, including failing to adequately explain the charges, file motions, seek discovery, or advise him regarding plea options; and (4) his due process rights were violated when law enforcement allegedly continued custodial interrogation after he requested counsel.

For the reasons explained below, Jones has not demonstrated that the State's adjudication of his claims was contrary to or involved unreasonable application of established federal law, nor that it was based on an unreasonable determination of the facts, and the Court should deny federal habeas relief.

**Legal Standard**

"Federal habeas features an intricate procedural blend of statutory and case law authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins with the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted). Under the AEDPA, a state prisoner may not obtain federal habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This standard "restricts the power of federal courts to grant writs of habeas corpus" and ensures that "state courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020). A state court decision is "contrary" to clearly established federal law only if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly

-3-

established."' (citation omitted)). A decision involves an "unreasonable application" of federal law when the state court "identifies the correct governing principle" but "unreasonably applies that principle to the facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000).

The question is not whether the state court was incorrect, but whether its decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Federal courts must "determine what arguments or theories supported ... or could have supported the state court's decision" and then ask whether fairminded jurists could disagree that those arguments are inconsistent with Supreme Court precedent. *Id.*

Under this highly deferential standard, a petitioner must do more than show the state court's factual or legal conclusions were incorrect, he must show that they were "objectively unreasonable." *Williams*, 529 U.S. at 409-10.

As the Supreme Court has explained, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). State court factual findings are "presumed to be correct" unless the petitioner can rebut this presumption by "clear and convincing evidence." *Id.* at 293.

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (recognizing that "As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

## Analysis

**I.   Jones's Petition Is Time-Barred**

A state prisoner ordinarily has one year to file a federal habeas petition, starting from the date upon which the judgment of conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).

Under Texas law, notice of appeal must be filed within thirty days after sentencing. *See* Tex. R. App. P. 26.2(a)(1). The record reflects Jones pleaded guilty to murder and was sentenced on July 14, 2022. Dkt. No. 11-4. He did not pursue a direct appeal, and so his conviction became final on August 15, 2022, when the time for seeking direct review expired.

That date triggered the one-year AEDPA limitations period. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).

Absent tolling, Jones's limitations period expired on August 15, 2023.

**A. Statutory Tolling Is Insufficient to Overcome Untimeliness**

AEDPA provides that the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Jones filed two state habeas applications, but only one tolled the limitations period.

Jones's first application, filed August 9, 2022, challenged a cause number (F-21-00381) that had been dismissed before he was reindicted and convicted in the present case. *See* Dkt. 11-8 at 240-255. Because that application did not attack "the pertinent judgment or claim," it did not toll the federal limitations period. *See Ex parte Harrington*, 310 S.W.3d 452, 456 (Tex. Crim. App. 2010).

Jones's second state habeas application, filed March 6, 2023, properly challenged the conviction at issue here. *See* Dkt. No. 11-10 at 89 (Second Petition). The Texas Court of Criminal Appeals denied that application on May 24, 2023. *See* Dkt. No. 11-9 (Denial). This second application properly tolled the limitations period for 80 days, extending Jones's filing deadline from August 15, 2023, to November 3, 2023.

Although Jones filed a previous federal habeas petition that was dismissed without prejudice, a federal habeas petition does not toll the AEDPA limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).

Jones filed this latest petition on May 16, 2024, more than six months after the November 3, 2023, deadline.

The petition is therefore untimely, and no alternative triggering date applies

under Section 2244(d)(1)(B)-(D).

### B. Equitable Tolling Does Not Apply

Jones has not demonstrated entitlement to equitable tolling.

To qualify, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Jones attributes his untimely filing to his lack of legal knowledge, difficulty obtaining assistance sooner, and reliance on other inmates and a writ writer for help. Dkt. No. 1 at 14.

These circumstances do not constitute the type of rare and "extraordinary circumstances" to justify equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

Jones also asserts that trial counsel refused to file a direct appeal. Dkt. No. 1 at 14.

Even accepting this allegation as true, it does not warrant equitable tolling because Jones does not contend that counsel affirmatively misinformed him about filing deadlines or otherwise prevented him from timely filing this petition. *See Vineyard v. Dretke,* 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable

tolling applicable when an attorney affirmatively misinforms his client and causes him to miss the limitations period).

Because the petition was filed after the expiration of the limitations period and no basis exists for additional statutory or equitable tolling, the petition is time-barred and should be dismissed with prejudice.

## II.   Alternatively, Jones is Not Entitled to Relief on Any Ground

Even if the petition were timely, Jones is not entitled to relief on any of the asserted grounds.

His first two grounds – challenging the original indictment and reindictment – are unexhausted and procedurally defaulted. These claims are also foreclosed by his guilty plea and do not present a cognizable federal claim.

His remaining grounds – ineffective assistance of counsel and violation of his due process – fail on the merits under the applicable federal standards.

### A. Grounds One and Two (Defective Indictment/Reindictment)

Jones challenges both his original indictment and the subsequent reindictment, asserting that they were "defective" because they allegedly lacked statutory citations, did not "bar" subsequent prosecution, and violated double jeopardy principles. Dkt. No. 1 at 5-8.

Federal habeas review of alleged indictment defects is narrow. Relief does not lie for claimed errors in a state indictment "unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994); *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).

Jones's claims do not meet this threshold and do not warrant relief for at least three independent reasons.

First, Jones did not fairly present these indictment challenges to the Texas Court of Criminal Appeals in a procedurally proper manner. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (petitioner must present to the state courts not only the same facts but also the same legal theory upon which the federal claim is based). Jones's state habeas proceedings challenged other issues – ineffective assistance / due process – while the defective-indictment theory appears only in his prior federal filing history. *See* Dkt. No. 11-10 at 74-90.

Because Texas would treat a new attempt to litigate these unraised claims as an abuse of the writ under Tex. Code Crim. Proc. art. 11.07 § 4, the claims are procedurally defaulted absent cause and prejudice or a fundamental miscarriage of justice, neither of which Jones establishes. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Smith v. Director*, TDCJ-CID, No. 3:20-CV-2947-G (BT), 2022 WL 18359120, at *2 (N.D. Tex. Oct. 28, 2022) (neither a petitioner's "pro se status" nor his "lack of legal training and knowledge" constitutes cause to excuse default), *rec. adopted*, 2023 WL 289721 (N.D. Tex. Jan. 18, 2023).

Second, Jones's guilty plea independently forecloses these claims. A guilty plea waives collateral review of non-jurisdictional defects occurring before the plea, including alleged defects in the charging instrument. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

The Supreme Court has explained that a guilty plea "represents a break in the

chain of events" preceding the conviction and operates as an admission of all elements of the charged offense. *Id*. at 267.

Jones's allegations go to form and notice, not to any jurisdictional defect that would render the trial court without authority to accept the plea and enter judgment.

Third, even if the Court could reach the merits, the claims fail.

The re-indictment charged Jones with murder – a valid statutory offense under Tex. Penal Code Section 19.02(b) – and alleged that he "intentionally cause[d] the death of [the victim] . . . by SHOOTING DECEASED WITH A FIREARM." Dkt. No. 11-5. This language tracks the statute, alleges all essential elements of the offense, provides notice of the specific conduct forming the basis of the charge, and confers jurisdiction. The indictment specifies the date of the offense, the identity of the victim, the culpable mental state (intentionally or knowingly), the prohibited conduct (causing death), and the manner and means (shooting with a firearm).

And the absence of a specific code citation does not invalidate an indictment that otherwise alleges all essential elements. *See Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007).

Nor does the re-indictment violate the Double Jeopardy Clause. Jeopardy attaches only once a "jury is empaneled" or a guilty plea accepted. *Serfass v. United States*, 420 U.S. 377, 388 (1975).

The record reflects that the original charge was dismissed before any plea was entered or jury empaneled. Because jeopardy had never attached, the State was free to re-indict. *See Illinois v. Somerville*, 410 U.S. 458, 464-65 (1973); *see also Ex parte*

*Preston*, 833 S.W.2d 515 (Tex. Crim. App. 1992).

Jones's double jeopardy claim therefore lacks any legal basis.

In sum, Grounds One and Two are procedurally barred and, in the alternative, fail on the merits.

### B. Ground Three – Ineffective Assistance of Counsel

Jones also alleges trial counsel provided ineffective counsel because he failed to explain the charge, failed to file motions or seek discovery, failed to "object to baseless" accusations, failed to investigate or communicate adequately, and failed to discuss plea options. Dkt. No. 1 at 8-9.

Even assuming trial counsel committed the errors that Jones alleges, Jones cannot show that counsel's representation resulted in prejudice.

To succeed on an ineffective assistance claim, a petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).

First, the petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. The reviewing court must give great deference to counsel's performance and strongly presume counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel. A criminal defendant is only entitled to reasonably effective assistance. *See Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Second, the petitioner must show prejudice. He must demonstrate "a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When the state court has denied ineffective assistance claims, federal review is "doubly deferential." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Court must apply both *Strickland*'s presumption of reasonable performance and AEDPA's requirement that the state court's decision be not merely wrong but objectively unreasonable. *Id.*

Jones's allegations do not meet that standard.

Many of his complaints concern generalized pre-plea matters (investigation, discovery, motion practice) and are stated at a high level of abstraction. Jones does not identify what specific motions counsel should have filed, what particular discovery counsel should have sought, or what evidence would have been uncovered. He does not explain what additional information he needed about the charges or how counsel's explanation was deficient. Conclusory assertions like these are insufficient to show deficient performance. *See, e.g.*, *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Even if counsel's performance were deficient, Jones fails to satisfy *Strickland*'s prejudice requirement. In the guilty plea context, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Jones does not allege facts showing he would have rejected the plea agreement and proceeded to trial if counsel had conducted additional discovery, filed unspecified motions, or communicated differently. He does not identify a viable defense,

exculpatory evidence, or a plausible trial strategy that would have made going to trial rational in light of the murder charge and potential punishment exposure.

Jones was facing a murder charge with a potential sentence range of five to ninety-nine years or life in prison. Under the plea agreement, he received sixty years. Jones does not explain what different outcome he could reasonably have expected at trial or how counsel's alleged errors affected his decision to accept the plea.

Absent such a showing, the Court cannot find a reasonable probability that counsel's alleged errors affected the plea decision.

Ground Three should be denied.

### C.   Ground Four – Due Process Violation

Jones's final claim alleges that he was deprived of due process when law enforcement continued custodial interrogation after he requested counsel and that his statements were involuntary because he was intoxicated. Dkt. No. 1 at 10. He appears to argue that these alleged interrogation improprieties rendered his subsequent guilty plea involuntary.

This claim fails because Jones provides no factual basis connecting the interrogation to his plea, and the record independently refutes any suggestion of coercion.

As a threshold matter, Jones's voluntary guilty plea forecloses collateral review of alleged constitutional violations that occurred before the plea was entered. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims

relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267.

To overcome this waiver, Jones must allege facts showing that the alleged interrogation misconduct rendered his guilty plea itself unknowing or involuntary. *See, e.g.*, *Brady v. United States*, 397 U.S. 742, 748 (1970) (valid plea must be knowing and voluntary); *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970) (a guilty plea generally forecloses later collateral attacks based on alleged defects in prior constitutional litigation choices).

Jones does no such thing. He challenges only the conduct of law enforcement during interrogation and seeks relief from his conviction on that pre-plea conduct. *See* Dkt. No. 1 at 10. He does not allege that any statements obtained during questioning were used to induce his plea, that he pled guilty to avoid the admission of those statements at trial, or that the alleged interrogation conditions affected his ability to make a voluntary and informed decision at the plea hearing. Such claims are not cognizable after a valid guilty plea.

Jones's assertion that he was tired, intoxicated, or exasperated during custodial questioning does not alter this analysis. *See Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex. Crim. App. 1997) (holding that a guilty plea is not involuntary absent proof of an improper inducement beyond that inherent in the plea-bargaining process); *see also Ex parte Altobji*, No. 01-14-01008-CR, 2015 WL 505202, at *3 (Tex. App.—Houston [1st Dist.] Feb. 5, 2015, no pet.) (mem. op., not designated for publication) (rejecting a claim of plea involuntariness based solely on a defendant's

placement in a "high-stress" custodial setting).

Even assuming those conditions affected Jones's willingness to speak at the time of interrogation, they do not establish that his later guilty plea, entered with the assistance of counsel, was involuntary.

A guilty plea is constitutionally invalid only if it was not "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). Jones does not allege that he was impaired at the plea hearing, that he failed to understand the proceedings, or that exhaustion or intoxication carried over to his plea decision. Absent allegations linking the interrogation conditions to the plea itself, his claim remains foreclosed.

Even if the Court construes Ground Four as an indirect challenge to the voluntariness of the plea, the record affirmatively refutes Jones's allegations.

Jones signed a "Judicial Confession" and "Plea Agreement" in which he acknowledged his rights, stated that he is mentally competent, and affirmed he understood the nature of the accusation against him. Dkt. No. 11-1 at 4. He acknowledged the applicable punishment range and stated:

> I admit and judicially confess that I committed the offense of [Murder] ... exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

*Id.* at 2. Jones also confirmed that defense counsel explained his rights and the consequences of his plea, and that his "statements and waivers are knowingly, freely, and voluntarily made." *Id* at 2-4.

A plea is constitutionally valid when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). Written plea documents and judicial confessions are "'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. McDaniel*, 907 F.3d 366, 371 (5th Cir. 2018) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Jones offers no evidence sufficient to overcome that presumption.

Finally, Jones's allegations are conclusory and lack factual detail. He does not identify when he allegedly invoked counsel, what questioning occurred thereafter, what specific statements were obtained, or how those statements influenced his decision to plead guilty. Nor does he allege facts showing a reasonable probability that, but for the alleged interrogation conduct, he would have rejected the plea agreement and insisted on proceeding to trial. *See Hill v. Lockhart*, 474 U.S. at 59. Jones provides no specific factual support for his claims.

Because Jones has neither alleged nor demonstrated that any purported custodial interrogation violations rendered his guilty plea involuntary, Ground Four does not warrant federal habeas relief.

**Recommendation**

The Court should deny the Petition for a Writ of Habeas Corpus by a Person in State Custody [Dkt. No. 1] with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE